LEONARD L. GUMPORT (Bar No. 086935)
*lgumport@gumportlaw.com*
CLAIRE K. WU (Bar No. 295966)
*cwu@gumportlaw.com*
GUMPORT | MASTAN
550 South Hope Street, Suite 1765
Los Angeles, California 90071-2627
Telephone: (213) 452-4900

Attorneys for Peter J. Mastan,
Chapter 7 Trustee of the Bankruptcy
Estate of George Loves, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bk. No. 2:17-bk-15588-NB |
| | CHAPTER 7 |
| GEORGE LOVES, INC., | **NOTICE OF MOTION AND MOTION TO APPROVE PURCHASE AND SALE AGREEMENT FOR THE ESTATE'S INTEREST IN CERTAIN SCHEDULED PERSONAL PROPERTY, INCLUDING INTELLECTUAL PROPERTY RIGHTS AND EXISTING INVENTORY, TO INSIDER GEORGE MORINGER, SUBJECT TO ALL ENCUMBRANCES, LIENS, AND RESTRICTIONS, AND SUBJECT TO OVERBID; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CLAIRE K. WU AND PETER J. MASTAN; AND EXHIBITS** |
| Debtor. | |

**DATE:** September 12, 2017
**TIME:** 11:00 a.m.
**PLACE:** Courtroom 1545
255 E. Temple Street
Los Angeles, CA 90012
[Hon. Neil W. Bason]

## NOTICE OF MOTION AND MOTION

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE PROPOSED BUYER, FREEEP GMBH, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SCHEDULED CREDITORS OF THE ESTATE AND THOSE WHO HAVE FILED PROOFS OF CLAIM, ALL POTENTIAL LIEN HOLDERS OF RECORD, AND THEIR RESPECTIVE COUNSEL, IF ANY:**

**NOTICE IS HEREBY GIVEN** that, on the 11:00 a.m. calendar, on September 12, 2017, in Courtroom 1545 of the United States Bankruptcy Court, located at 255 East Temple Street, Los Angeles, CA 90012, Peter J. Mastan, in his capacity as Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of George Loves, Inc. (the "Debtor"), will make and does hereby make this motion (the "Motion") for an order that:

(1)  Authorizes the Trustee to sell the Estate's interest in the following scheduled assets: (i) raw materials and inventory, including work in progress and finished goods, (ii) intangibles and intellectual property, including computer hardware and software, and the Debtor's URL/website known as www.georgeloves.com, and (iii) other intangibles and intellectual property, including the Debtor's name, logo, business phone number, and the rights to any designs created by the Debtor that may exist (collectively, the "Property") (which Property is generally described on the Debtor's Schedule A/B), to insider George Moringer (the "Buyer"), for $10,000, on the terms specified in the Purchase and Sale Agreement (the "Agreement") attached as **Exhibit 1**, or an approved overbidder making a higher and better offer, with such sale (to either the Buyer or to an approved overbidder) to be on an "AS-IS" and "WHERE-IS" basis, without representation or warranty of any kind (including as to merchantability or fitness for a particular purpose), whether express or implied, and subject to all encumbrances, liens, and restrictions thereon;

(2)  Determines that the Agreement was made in good faith in an arm's-length transaction and that the buyer (whether the Buyer or a successful overbidder) is acting in good faith within the meaning of 11 U.S.C. § 363(m);

(3)  Determines that adequate notice of the hearing on the Motion was given;

(4)  Authorizes the Trustee to perform the terms of the Agreement and to sign all such

documents that are reasonably necessary to perform the Trustee's obligations under the Agreement;

    **(5)**    Reserves Bankruptcy Court jurisdiction to enforce the Agreement;

    **(6)**    Approves the following overbid procedure:

        **(a)**    any initial overbid for the purchase of the Estate's interest in the Property must be in an amount at least $1,000 greater than the amount to be paid by the Buyer under the Agreement (i.e., the initial overbid must be in an amount not less than $11,000);

        **(b)**    in the event that the Trustee receives multiple overbids, any subsequent overbids must be made in Bankruptcy Court at the time of the hearing on the Motion and must be made in minimum increments of $1,000;

        **(c)**    any overbid must be accompanied by a certified or cashier's check in the full amount of that bid and the successful overbidder must pay to the Trustee by certified or cashier's check the full purchase price at the time of the hearing on the Motion;

        **(d)**    any sale at overbid will be all cash, "AS IS" and "WHERE IS," with all faults and without any representation or warranty whatsoever, whether express or implied, including without limitation, without warranty as to merchantability, or fitness for a particular purpose, and subject to all encumbrances, liens, and restrictions thereon;

        **(e)**    the Trustee may exercise his discretion to reject a particular overbid that is not both higher and better (based upon all of the circumstances) than the Buyer's offer or the offer of other overbidders;

        **(f)**    any person making an overbid for the Estate's interest in the Property shall be deemed to have made, on their own account, each of the representations/acknowledgments made by the Buyer to the Trustee in the Agreement;

    **(7)**    Authorizes the Trustee to close the proposed sale of Property to the Buyer (or the successful overbidder) unless an appeal of the order authorizing that sale is timely filed and a stay pending appeal is entered;

    **(8)**    Waives the 14-day stay of orders for the disposition of Estate property set forth in Fed.R.Bankr.P. 6004(h).

    **NOTICE IS FURTHER GIVEN** that any person considering overbidding on the Estate's

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

1    interest in the Property may arrange to inspect the Property by contacting Mr. Travis Terry of the

2    Trustee's office at (213) 452-4928.

3         **NOTICE IS FURTHER GIVEN** that the Motion is made pursuant to 11 U.S.C. §§ 363(b)

4    and 363(m), Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Bankruptcy Rules

5    6004-1 and 9013-1 on the grounds that the proposed sale is in the best interests of the Estate.

6         **NOTICE IS FURTHER GIVEN** that the Motion is based on **(a)** this Notice of Motion and

7    Motion; **(b)** the attached Memorandum of Points and Authorities, Declarations of Claire K. Wu and

8    Peter J. Mastan, and Exhibits; **(c)** the concurrently filed Notice of Hearing on Motion; **(d)** the

9    pleadings on file with the Court of which the Court is requested to take judicial notice; and **(e)** such

10    further evidence that may be properly submitted prior to or at any hearing on the Motion.

11         **NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-1(f), any**

12    **opposition to the Motion must be in writing; must be filed with the Court and served upon the**

13    **Trustee, the Office of the United States Trustee, the Buyer, and Freeep GmbH, at the addresses**

14    **set forth below not later than 14 days before the date set for the hearing on the Motion; and**

15    **include a complete written statement of all reasons in opposition thereto or in support or joinder**

16    **thereof, declarations and copies of all photographs and documentary evidence on which the**

17    **responding party intends to rely, and any responding memorandum of points and authorities:**

18    **For Filing With the Court**  
Clerk's Office  
19    United States Bankruptcy Court  
255 E. Temple Street  
20    Los Angeles, California 90012

    **For Service on the Office of the United**  
    **States Trustee**  
    Office of the U.S. Trustee  
    915 Wilshire Blvd., Suite 1850  
    Los Angeles, California 90017

21    **For Service on the Trustee**  
Peter J. Mastan, Trustee  
22    c/o Claire K. Wu, Esq.  
Gumport |Mastan  
23    550 South Hope Street, Suite 1765  
Los Angeles, California 90071-2627  
24

    **For Service on the Buyer**  
    George Moringer  
    1850 Industrial Street, Ste. 505  
    Los Angeles, California 90021

    **For Service on Freeep GmbH**  
    Freeep GmbH  
25    **For Service on the Honorable Neil W.**  
**Bason, United States Bankruptcy Judge**  
Hon. Neil W. Bason  
26    United States Bankruptcy Court  
Central District of California  
27    255 E. Temple Street, Suite 1552  
Los Angeles, California 90012  
28

    c/o George Moringer  
    1850 Industrial Street, Ste. 505  
    Los Angeles, California 90021

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

1     **NOTICE IS FURTHER GIVEN that, <u>pursuant to Local Bankruptcy Rule 9013-1(h),</u>**

2 <u>**failure to timely file and serve an opposition may be deemed by the Court to be consent to**</u>

3 <u>**granting the Motion.**</u>

4

5 DATED: August 22, 2017          Respectfully submitted,

6                                         GUMPORT | MASTAN

7                                         By: _____ */s/ Claire K. Wu* _____

8                                             Claire K. Wu
                                            Attorneys for Peter J. Mastan,
                                            Chapter 7 Trustee of the Bankruptcy

9                                             Estate of George Loves, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   SUMMARY OF THE PROPOSED SALE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.    The Debtor and the Debtor's Business . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B.    The Bankruptcy Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      C.    The Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      D.    Offer for the Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      E.    The Buyer's Connections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   THE COURT SHOULD AUTHORIZE THE TRUSTEE TO SELL
      THE PROPERTY TO THE BUYER OR A SUCCESSFUL OVERBIDDER . . . . . . . . . 7

      A.    Standards For Approval of Sale Outside the Ordinary Course of Business . . . . . . . . . 7

      B.    The Proposed Sale is Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    The Sale is Supported by Sound Business Judgment . . . . . . . . . . . . . . . . . . 8

            2.    There is Adequate Notice of the Proposed Sale . . . . . . . . . . . . . . . . . . . . . 9

            3.    The Sale Price is Fair and Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            4.    The Court Should Make a Finding of Good Faith . . . . . . . . . . . . . . . . . . . 9

            5.    The Court Should Impose an Overbid Procedure on the Sale . . . . . . . . . . . . 11

V.    THE COURT SHOULD WAIVE THE 14-DAY STAY . . . . . . . . . . . . . . . . . . . . . . . . 11

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DECLARATION OF CLAIRE K. WU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DECLARATION OF PETER J. MASTAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abel v. Shugrue (In re Ionosphere Clubs, Inc.),*
    184 B.R. 648 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),*
    722 F.2d 1063 (2nd Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Ehrenberg v. Roussos (In re Roussos),*
    541 B.R. 721 (Bankr. C.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ewell v. Diebert (In re Ewell),*
    958 F.2d 276 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Baldwin United Corp.,*
    43 B.R. 888 (Bankr. S.D. Ohio 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Curlew Valley Assocs.,*
    14 B.R. 506 (Bankr. D. Utah 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Exaeris Inc.,*
    380 B.R. 741 (Bankr. D. Del. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Industrial Valley Refrigerator and Air Conditioning Supplies, Inc.,*
    77 B.R. 15 (Bankr. E.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Tidal Constr. Co., Inc.,*
    446 B.R. 620 (Bankr. S.D. Ga. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stephens Ind., Inc. v. McClung,*
    789 F.2d 386 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Walter v. Sunwest Bank (In re Walter),*
    83 B.R. 14 (9th Cir. BAP 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

11 U.S.C. § 363(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8

11 U.S.C. § 363(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10, 11

11 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11 U.S.C. § 704(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Abel v. Shugrue (In re Ionosphere Clubs, Inc.),*
    184 B.R. 648 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),*
    722 F.2d 1063 (2nd Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Ehrenberg v. Roussos (In re Roussos),*
    541 B.R. 721 (Bankr. C.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ewell v. Diebert (In re Ewell),*
    958 F.2d 276 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Baldwin United Corp.,*
    43 B.R. 888 (Bankr. S.D. Ohio 1984) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Curlew Valley Assocs.,*
    14 B.R. 506 (Bankr. D. Utah 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Exaeris Inc.,*
    380 B.R. 741 (Bankr. D. Del. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Industrial Valley Refrigerator and Air Conditioning Supplies, Inc.,*
    77 B.R. 15 (Bankr. E.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Tidal Constr. Co., Inc.,*
    446 B.R. 620 (Bankr. S.D. Ga. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stephens Ind., Inc. v. McClung,*
    *789 F.2d 386 (6th Cir. 1986)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Walter v. Sunwest Bank (In re Walter),*
    83 B.R. 14 (9th Cir. BAP 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **STATUTES**

11 U.S.C. § 363(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8

11 U.S.C. § 363(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10, 11

11 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11 U.S.C. § 704(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Peter J. Mastan, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of George Loves, Inc. (the "Debtor"), submits this Memorandum of Points and Authorities in support of the instant motion (the "Motion").

## II. SUMMARY OF THE PROPOSED SALE

Subject to Bankruptcy Court approval and overbid, and on the terms set forth in the Agreement attached as **Exhibit 1**, the Trustee is selling the Estate's interest in the following scheduled assets: (i) raw materials and inventory, including work in progress and finished goods, (ii) intangibles and intellectual property, including computer hardware and software, and the Debtor's URL/website known as www.georgeloves.com, and (iii) other intangibles and intellectual property, including the Debtor's name, logo, business phone number, and the rights to any designs created by the Debtor that may exist (collectively, the "Property") (which Property is generally described on the Debtor's Schedule A/B), to insider George Moringer (the "Buyer") (or a successful overbidder making a higher and better offer). Ex. 1.

The proposed sale is on an "AS IS" and "WHERE IS" basis, without representation or warranty of any kind (including as to merchantability or fitness for a particular purpose), whether express or implied, and is subject to all encumbrances, liens, and restrictions thereon. In return for the Property, the Buyer will pay (and has already paid) $10,000 to the Estate. In addition, in order for the Trustee to avoid a potential administrative rent claim against the Estate, the Buyer agreed to immediately move the Property from the leased premises where the Property had been located, and maintain and store the Property at no cost to the Estate, pending approval of the proposed sale.

Finally, as part of the proposed sale, the Buyer and Freeep GmbH ("Freeep"), an investor of the Debtor, each agreed to irrevocably waive any right to file a proof of claim in the Debtor's case, and to release any and all claims that the Buyer, Freeep, or either of them, may have in and to (or against) the Estate or property of the Estate.

*The foregoing is only a summary of the proposed sale. The actual terms of the sale are set forth in the Agreement attached as Exhibit 1. The terms of the Agreement control over the*

5.

1 | *summary set forth above.  All interested persons are encouraged to read the Agreement attached*

2 | *hereto as Exhibit 1.*

3 | **III.    STATEMENT OF FACTS**

4 | **A.    The Debtor and the Debtor's Business**

5 | Prior to bankruptcy, the Debtor did business as a women's apparel manufacturer that sold

6 | wholesale to boutiques and online through a URL known as www.georgeloves.com.  Mastan Decl.,

7 | ¶ 2.  The Debtor's business was located at 309 E. 8th St., Ste. 203, Los Angeles, CA 90014 (the

8 | "Leased Premises").  *Id.*

9 | **B.    The Bankruptcy Case**

10 | On May 5, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 of the

11 | Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.  Wu

12 | Decl., ¶ 3.a.  The Trustee was appointed to administer the Estate.  Wu Decl., ¶ 3.b.

13 | On May 5, 2017, the Debtor filed its Schedules and Statement of Financial Affairs (the

14 | "Schedules").  Wu Decl., ¶ 3.c; Ex. 2.

15 | **C.    The Property**

16 | On Schedule A/B, the Debtor scheduled (i) raw materials and inventory, including work in

17 | progress and finished goods (the "Inventory"), (ii) intangibles and intellectual property, including

18 | computer hardware and software, and the Debtor's URL/website known as www.georgeloves.com (the

19 | "Intellectual Property"), and (iii) other intangibles and intellectual property, including the Debtor's

20 | name, logo, business phone number, and the rights to any designs created by the Debtor that may exist

21 | (collectively, the "Property").  Ex. 2.  The scheduled value of the Inventory is $10,000, and the

22 | scheduled value of the Intellectual Property is $3,500.  *Id.*

23 | On Schedule D, the Debtor did not schedule or identify any secured liens.  Ex. 2.  Subsequent

24 | searches of Lexis' public records database for UCC filings revealed potential UCC liens against the

25 | Debtor held by MBMJ Capital LLC and Capital Business Credit (California) LLC.[1]  Wu Decl., ¶ 4;

26 |

27 | [1]As set forth in the Agreement, the Estate's interest in the Property is being sold subject

28 | to all encumbrances, liens, and restrictions.

1    Ex. 3.  Subsequent searches of Lexis' judgments and liens database did not reveal any judgment liens

2    against the Debtor.  *Id.*

3          **D.**     **Offer for the Property**

4         After the commencement of the Debtor's case, the Buyer contacted the Trustee and expressed

5    an interest in purchasing the Property.  Mastan Decl., ¶ 3.  The Buyer made an offer in the amount of

6    $10,000.  *Id.*

7         During that time, the Trustee traveled to the Leased Premises where the Property was located,

8    in order to inspect the Property.  Mastan Decl., ¶ 4.  After inspecting the Property, the Trustee sent

9    inquiries to multiple bankruptcy trustees and a law firm that currently represents clients in the apparel

10    industry, for potential buyers of the Property.  *Id.*  The Trustee was able to identify one potential buyer,

11    and made multiple attempts to contact that potential buyer describing the assets to be sold, however,

12    the Trustee never received any response from that potential buyer.  *Id.*

13         Thereafter, the Trustee accepted the Buyer's offer of $10,000 (the "Purchase Payment"),

14    subject to Bankruptcy Court approval and overbid.  Mastan Decl., ¶ 5.  The Buyer has since paid the

15    Purchase Payment to the Trustee, which amount is currently held in the Estate.  *Id.*

16          **E.**     **The Buyer's Connections**

17         The Buyer is the president of the Debtor and an investor of the Debtor through an entity named

18    Freeep GmbH (i.e., "Freeep").  The Buyer is the sole officer, director, and owner of Freeep.  Mastan

19    Decl., ¶ 6.  The Buyer is also scheduled as an unsecured creditor of the Debtor in the amount of

20    $1,383,540.00.  Ex. 2.

21    **IV.**    **THE COURT SHOULD AUTHORIZE THE TRUSTEE TO SELL THE PROPERTY**

22          **TO THE BUYER OR A SUCCESSFUL OVERBIDDER**

23          **A.**     **Standards for Approval of Sale Outside the Ordinary Course of Business**

24         Bankruptcy Code § 704 requires a Chapter 7 Trustee to, among other things, "collect and

25    reduce to money the property of the estate."  *See* 11 U.S.C. § 704(a)(1).

26         A trustee is empowered to sell the estate's assets out of the ordinary course of business.  11

27    U.S.C. § 363(b); *Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 184 B.R. 648, 653 (S.D.N.Y. 1995).

28    Approval of such a sale is within the sound discretion of the Court.  *Committee of Equity Security*

G:\Clients\George Loves, Inc\Pleadings\Sale.Mo\2.wpd

1 | *Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2nd Cir. 1983); *In re Baldwin*

2 | *United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984).  The touchstone for granting permission to

3 | sell assets outside of the ordinary course of business is the existence of a good business reason.

4 | *Stephens Ind., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d at

5 | 1070; *accord Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988).

6 |       In addition to the existence of a sound business reason, other requirements for approval of a

7 | sale of assets pursuant to § 363(b) include (1) accurate and reasonable notice of the sale, (2) a fair and

8 | reasonable price of the assets sold, and (3) "good faith," i.e., the absence of any lucrative or

9 | undisclosed deals for insiders.  *In re Industrial Valley Refrigerator and Air Conditioning Supplies,*

10 | *Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

11 | **B.**     **The Proposed Sale is Reasonable**

12 |       The Trustee's sale of Property to the Buyer for $10,000, subject to overbid, is reasonable and in

13 | the best interests of the Estate.

14 |       **1.**     **The Sale is Supported by Sound Business Judgment**

15 |       Bankruptcy courts will often defer to a trustee's business judgment regarding the sale of estate

16 | assets, unless such decision is arbitrary and capricious.  *See In re Curlew Valley Assocs.*, 14 B.R. 506,

17 | 511-513 (Bankr. D. Utah 1991) (detailing the historical basis behind the presumption of deference to a

18 | trustee's business judgment).  Courts generally will not second guess a trustee's business decision

19 | where "that conduct involves a business judgment made in good faith, upon a reasonable basis, and

20 | within the scope of his authority under the Code." *Id*. at 513-14.

21 |       The Trustee has sound business reasons for the proposed sale.  As this is a Chapter 7 case, the

22 | Trustee has a duty under 11 U.S.C. § 704 to liquidate the Property.  Further, the Estate is getting the

23 | benefit of (1) a waiver by the Buyer and Freeep of any right to file a proof of claim in the Debtor's case

24 | (the scheduled value of which claim is $1,383,540.00), and (2) a release by the Buyer and Freeep of

25 | any and all claims that the Buyer, Freeep, or either of them, may have in and to (or against) the Estate

26 | or property of the Estate.

27 |       Moreover, as part of the proposed sale, in order for the Trustee to avoid a potential

28 | administrative rent claim against the Estate, the Buyer agreed to immediately move the Property from

1   the Leased Premises where the Property had been located, and maintain and store the Property at no

2   cost to the Estate, pending approval of the proposed sale.

3          Finally, as set forth below, the Trustee believes that the proposed Purchase Payment of

4   $10,000, subject to overbid, is reasonable.  Based on the above, the sale is supported by sound business

5   judgment.

6                  **2.      There is Adequate Notice of the Proposed Sale**

7          The Trustee has given notice of the proposed sale to the Debtor, the Buyer, Freeep, all

8   scheduled creditors and those who have filed proofs of claim, all persons requesting special notice, and

9   all potential lien holders of record.  Moreover, the Trustee has concurrently filed with the Court a

10  "Notice of Sale of Estate Property" so that the proposed sale, and the right to overbid on that sale, is

11  included on the Bankruptcy Court's website.

12                 **3.      The Sale Price is Fair and Reasonable**

13         The Trustee believes that the proposed sale price of $10,000, subject to overbid, is reasonable.

14  The offer from the Buyer is the best and only offer received by the Trustee for the Property.  The

15  Trustee sent inquiries to multiple bankruptcy trustees and a law firm that currently represents clients in

16  the apparel industry, for potential buyers of the Property.  Further, although the Trustee was able to

17  identify one potential buyer, the Trustee never received any response after making multiple attempts to

18  contact that potential buyer describing the assets to be sold.

19         Moreover, the total scheduled value of the Inventory and Intellectual Property is $13,500 (only

20  approximately $3,500 more than the purchase price).  In addition, given that the Buyer and Freeep

21  have each agreed to waive their right to file a proof of claim in the Debtor's case, and have each agreed

22  to release any and all claims in and to (or against) the Estate or property of the Estate as part of the sale

23  transaction, the Trustee believes that the proposed sale price of $10,000 is reasonable.

24         Finally, because the proposed sale is subject to overbid, in the event that creditors or other

25  interested parties believe that the Property is undervalued, they may purchase the Property at an

26  increased price.  Based on the above, the purchase price is fair and reasonable.

27                 **4.      The Court Should Make a Finding of Good Faith**

28         The Trustee wishes to ensure the finality and reliability of the sale of the Estate's interest in

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

1    Property by facilitating the consummation of the transaction even in the event of an appeal.  For this

2    reason, the Trustee seeks a finding of good faith under the provisions of Section 363(m) of the

3    Bankruptcy Code, whether as to the Buyer (i.e., insider George Moringer) or a successful overbidder.

4        Although the Bankruptcy Code does not define "good faith," the Ninth Circuit has held that for

5    purposes of § 363(m), "a 'good faith purchaser' is one who buys 'in good faith' and 'for value.'"

6    *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (citations omitted).

7        "Nothing in the Bankruptcy Code prohibits a sale to insiders.  However, insider sales are

8    subject to 'heightened scrutiny to the fairness of the value provided by the sale and the good faith of

9    the parties in executing the transaction.'"  *Ehrenberg v. Roussos (In re Roussos)*, 541 B.R. 721, 730

10   (Bankr. C.D. Cal. 2015)(citations omitted).  "This higher scrutiny requires (1) that the proposed

11   purchase price be 'at the very least the lessor [sic] of an acceptable appraised value or the tax

12   assessment value,' and (2) that the property must have been offered to the public in some form before

13   the court can approve an insider sale."  *In re Tidal Constr. Co., Inc.*, 446 B.R. 620, 624 (Bankr. S.D.

14   Ga. 2009); *see, e.g., In re Exaeris Inc.*, 380 B.R. 741 (Bankr. D. Del. 2008) (denying Chapter 11

15   corporate debtor's motion seeking order authorizing sale of substantially all its assets to creditor;

16   creditor was insider, and relationship of debtor to creditor, proposed release of debtor's claims against

17   creditor, dearth of evidence of marketing, and lack of evidence establishing value of debtor's assets

18   and conduct of negotiations left important questions unanswered).

19       The Trustee believes that, even with the higher level of scrutiny to which transactions with

20   insiders are subjected, the Court should approve the Agreement and make a finding of good faith.  As

21   set forth above, the Trustee believes the purchase price is fair and reasonable.  Further, (1) prior to

22   accepting the Buyer's offer, the Trustee made efforts to identify and contact potential buyers of the

23   Property, (2) the Trustee has concurrently filed with the Court a "Notice of Sale of Estate Property" so

24   that the proposed sale, and the right to overbid on that sale, is included on the Bankruptcy Court's

25   website, (3) the Trustee is not providing any releases to the Buyer through the Agreement, and (4) as

26   set forth in the Mastan Declaration, the Agreement was negotiated at arms' length with all parties

27   involved acting in good faith.  Mastan Decl., ¶ 7.  Additionally, the Trustee is not aware of any

28   undisclosed side deals or terms, and the Buyer is not related to the Trustee.  *Id.*

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

1   As such, the Court should make a finding of good faith under § 363(m) of the Bankruptcy

2   Code.

3            **5.        The Court Should Impose an Overbid Procedure on the Sale**

4            As set forth in the Agreement, the proposed sale of the Estate's interest in the Property is

5   subject to overbid.  The Trustee is prepared to sell the Estate's interest in the Property to a qualified

6   bidder making the highest and best all cash bid.  The Trustee requests that the Court impose the

7   overbid procedure set forth in the Notice of this Motion in order to ensure that the Estate's interest in

8   Property is sold for the best possible price under the circumstances.

9   **V.    THE COURT SHOULD WAIVE THE 14-DAY STAY**

10           Fed.R.Bankr.P. 6004(h) provides as follows:

11                   An order authorizing the use, sale or lease of property other than cash

12                   collateral is stayed until the expiration of 14 days after entry of the order

13                   unless the court orders otherwise.

14           The Trustee requests that the Court "order otherwise" here and waive the 14-day stay.

15  **VI.   CONCLUSION**

16           For the reasons set forth above, the Court should grant the relief requested in the Notice of this

17  Motion.

18

19  DATED: August 22, 2017                      Respectfully submitted,

20

21                                              GUMPORT | MASTAN

22                                              By: _____ */s/ Claire K. Wu* _____
                                                        Claire K. Wu
23                                              Attorneys for Peter J. Mastan,
                                                Chapter 7 Trustee of the Bankruptcy
24                                              Estate of George Loves, Inc.

25

26

27

28

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

1

## DECLARATION OF CLAIRE K. WU

2    I, CLAIRE K. WU, declare:

3        **1.**    I am an attorney admitted to practice before this Court and I am an associate at

4    Gumport | Mastan, counsel to Peter J. Mastan, the Chapter 7 trustee (the "Trustee") of the bankruptcy

5    estate (the "Estate") of George Loves, Inc. (the "Debtor").  As a result, except as expressly stated as

6    matters of judicial notice, I have personal knowledge of the facts set forth below and could and would

7    competently testify under oath thereto if requested to do so.

8        **2.**    **Exhibit 1** is the Purchase and Sale Agreement (the "Agreement") that I negotiated (on

9    behalf of the Trustee) with George Moringer (the "Buyer") and Freeep GmbH ("Freeep").  To the best

10   of my knowledge, the Agreement includes all of the terms of the proposed sale.  I am not aware of any

11   undisclosed side deals.

12       **3.**    The Court may take judicial notice of the following:

13           **a.**    On May 5, 2017, the Debtor filed a voluntary petition for relief under Chapter 7

14   of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

15           **b.**    Peter J. Mastan was appointed as the Trustee to administer the Estate.

16           **c.**    On May 5, 2017, the Debtor filed its Schedules and Statement of Financial

17   Affairs (the "Schedules").  **Exhibit 2** is a copy of the Debtor's Schedule A/B, D, and E/F.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1      **4.**     On August 2, 2017, I conducted a public records search through Lexis' UCC filings

2    database and judgments and liens database. I searched for liens against "George Loves." I identified a

3    potential UCC lien against the Debtor held by MBMJ Capital LLC, and a potential UCC lien against

4    the Debtor held by Capital Business Credit (California) LLC. My search of Lexis' judgments and liens

5    database did not reveal any judgment liens against the Debtor. On that same date, I requested that

6    Parasec, a document filing and retrieval service, retrieve copies of the UCC Financing Statements filed

7    by MBMJ Capital LLC and Capital Business Credit (California) LLC. **Exhibit 3** is a copy of my

8    search results through Lexis, and a copy of those UCC Financing Statements.

9        I declare under penalty of perjury that the foregoing is true and correct and that this declaration

10   was executed this 22nd day of August 2017 at Los Angeles, California.

11

12                            */s/ Claire K. Wu*
                                        CLAIRE K. WU

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G: Clients\George Loves, Inc\Pleadings\Sale\Mot2.wpd

1                          **DECLARATION OF PETER J. MASTAN**

2    I, PETER J. MASTAN, declare:

3        **1.**      I am the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of

4    George Loves, Inc. (the "Debtor").  As such, except as expressly stated otherwise, I have personal

5    knowledge of the facts set forth below and could and would competently testify under oath thereto if

6    requested to do so.

7        **2.**      Based on discussions with George Moringer, president of the Debtor, at the Debtor's

8    § 341(a) meeting, I am informed and believe that, prior to bankruptcy, the Debtor did business as a

9    women's apparel manufacturer that sold wholesale to boutiques and online through a URL known as

10   www.georgeloves.com.  Based on my discussions with Mr. Moringer, I am informed that the Debtor's

11   business was located at 309 E. 8th St., Ste. 203, Los Angeles, CA 90014 (the "Leased Premises").

12       **3.**      After the commencement of the Debtor's case, I was contacted by Debtor's counsel

13   regarding Mr. Moringer's interest in purchasing the personal property (the "Property") identified in the

14   Purchase and Sale Agreement (the "Agreement") attached as Exhibit 1.  I received an offer of $10,000

15   from Mr. Moringer (the "Buyer") to purchase the Estate's interest in the Property.

16       **4.**      During July 2017, I traveled to the Leased Premises where the Property was located, in

17   order to inspect the Property.  After inspecting the Property, I sent inquiries to multiple bankruptcy

18   trustees and a law firm that currently represents clients in the apparel industry, for potential buyers of

19   the Property.  I was able to identify one potential buyer, and made multiple attempts to contact that

20   potential buyer describing the assets to be sold.  I never received any response from that potential

21   buyer.

22       **5.**      The offer from the Buyer was the only offer I received, and I accepted the Buyer's offer

23   of $10,000 (the "Purchase Payment"), subject to Bankruptcy Court approval and overbid.  The Buyer

24   has since paid the Purchase Payment to me, which amount is currently held in the Estate.

25       **6.**      Based on discussions with Mr. Moringer at the Debtor's § 341(a) meeting, and based on

26   the Debtor's Schedules of Assets and Liabilities, I am informed and believe that: (a) the Buyer is the

27   president of the Debtor and an investor of the Debtor through an entity named Freeep GmbH

28   ("Freeep"); and (b) the Buyer is the sole officer, director, and owner of Freeep.

7.      Subject to Bankruptcy Court approval and overbid, I have entered into the Agreement attached as **Exhibit 1**.  The Agreement was negotiated by my counsel.  With respect to the Agreement, I have not made, and to the best of my knowledge, nobody else has made, any side deals with the Buyer (or anyone else).  To the best of my knowledge, there are no terms to the Agreement except as set forth therein, and I am not related to, and do not have any connection with the Buyer.  To the best of my knowledge, no consideration is contemplated or has been transferred by the Buyer in connection with the sale to any person other than the Estate, and there is no fraud or collusion between the Buyer and any relevant persons, or any attempt take unfair advantage of other bidders.

8.      In the exercise of my business judgment, I believe that Property should be sold and that the sale, as proposed in Exhibit 1, is reasonable and in the best interests of the Estate.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 21 day of August 2017 at Los Angeles, California.

_____
PETER J. MASTAN

G:\Clients\George Loves, Inc\Pleadings\Sale.Mot2.wpd

## PURCHASE AND SALE AGREEMENT

Subject to Bankruptcy Court approval, this Agreement (the "Agreement") is made and entered into by and between (1) George Moringer (the "Buyer"), (2) Freeep GmbH ("Freeep"); and (3) Peter J. Mastan, solely in his capacity as the Chapter 7 trustee (the "Seller" or "Trustee") of the bankruptcy estate ("Estate") of George Loves, Inc. (the "Debtor") in the bankruptcy case entitled *In re George Loves, Inc.*, U.S.B.C. Case No. 2:17-bk-15588-NB (the "Case"), pending in the United States Bankruptcy Court for the Central District of California.  The Buyer, Freeep, and Seller are sometimes referred to herein individually as a Party, and collectively as the Parties.

## RECITALS

A.      On May 5, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and filed its Schedules of Assets and Liabilities (the "Schedules") in the Case.

B.      Peter J. Mastan was appointed as the Trustee of the Estate.

C.      Prior to bankruptcy, the Debtor did business as a women's apparel manufacturer that sold wholesale to boutiques and online through a URL known as www.georgeloves.com. The Schedules reflect that the Estate's assets include (i) certain inventory consisting of raw materials, work in progress, and finished goods, (ii) certain intangibles and intellectual property, including computer hardware and software, and the Debtor's URL/website known as www.georgeloves.com, and (iii) other intangibles and intellectual property, including the Debtor's name, logo, business phone number, and the rights to any designs created by the Debtor that may exist (collectively, the "Property")
Debtor's Schedule A/B).

D.      The Buyer is the president of the Debtor and an investor of the Debtor through an entity named Freeep GmbH (i.e., "Freeep").  The Buyer is the sole officer, director, and owner of Freeep.  The Buyer is also scheduled as an unsecured creditor of the Debtor in the amount of $1,383,540.00.

E.      The Buyer desires to purchase from the Trustee the Property, and the Trustee desires to sell the Property to Buyer on an "AS IS" and "WHERE IS" basis, without representation or warranty of any kind (including as to merchantability or fitness for a particular purpose), whether express or implied, subject to all encumbrances, liens, and restrictions thereon,

1.                        G:\Clients\George Loves, Inc\SaleAgreement3.doc



**EXHIBIT 1**

and in the manner and subject to the terms and conditions set forth herein and in accordance with
Section 363 of the Bankruptcy Code.

  **F.**  The transactions contemplated herein shall be consummated pursuant to the terms
and conditions of this Agreement and a "Sale Order" to be entered by the United States
Bankruptcy Court (the "Bankruptcy Court") having jurisdiction over the Debtor's Case.

**AGREEMENT**

  **NOW, THEREFORE,** on the terms and conditions and for the consideration set forth
below, the Parties agree as follows:

**1.**  **Incorporation of Recitals**

  Recitals A through F are incorporated into and made a part of this Agreement.

**2.**  **Approval of Agreement**

  **2.1**  Except as provided in ¶¶ 2.2, 2.3, 3.1, 3.3, 3.5, and 4-14, no Party shall have any
rights, duties, or obligations under this Agreement unless and until the Bankruptcy Court enters
an order (the "Approval Order") that, in substance **(i)** approves this Agreement, **(ii)** authorizes the
Trustee to sell the Property on an "AS IS" and "WHERE IS" basis, without representation or
warranty of any kind (including no representation or warranty as to merchantability or fitness for
a particular purpose), whether express or implied, as contemplated herein, and subject to all
encumbrances, liens, and restrictions thereon, **(iii)** determines that this Agreement was made in
good faith in an arm's-length transaction, and **(iv)** authorizes the Trustee to perform the terms of
this Agreement.

  **2.2**  The Trustee shall have the obligation to seek approval of this Agreement in
accordance with ¶ 2.1 and shall file the motion (the "Approval Motion") seeking approval of this
Agreement within ten (10) business days after the date on which the Trustee receives all of the
following: (a) a fully executed copy of this Agreement by each Party (without any modification
or interlineation), and (b) the Purchase Payment (as defined below) from the Buyer, and the
Purchase Payment having cleared the banking process. If the Approval Order: (a) is not entered
within 90 days after the filing of the Approval Motion, or (b) is appealed, then the Trustee may,
in the unfettered exercise of his discretion, terminate his attempt to obtain the Approval Order by
written notice to the Buyer and Freeep. If the Trustee terminates his attempt to obtain the
Approval Order pursuant to this ¶ 2.2, then the Trustee shall return to the Buyer the Purchase

2.

G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**

Payment (to the extent actually received by the Trustee), without interest, and the Parties shall be as they were before they signed this Agreement. In the event that the Approval Order is entered, the Bankruptcy Court specifically finds that Buyer is a good faith purchaser in accordance with 11 U.S.C. § 363(m), an appeal from the Approval Order is filed, but no stay of the Approval Order pending appeal is obtained, then the Trustee, in his unfettered exercise of discretion, may (but shall not be obligated to) perform this Agreement and the Purchase Payment shall irrevocably become property of the Estate. Notwithstanding any other provision of this Agreement, (a) the Trustee shall have no obligation to defend any appeal from the Approval Order or to pursue any appeal from the denial of the Approval Motion, and (b) if the Buyer or Freeep fail to timely perform any act required of him/it under ¶ 3 of this Agreement, the Trustee shall have no obligation to seek approval of this Agreement.

   **2.3**    The Buyer and Freeep agree to cooperate with and perform all acts requested by the Trustee and to obtain entry of the Approval Order. In particular, but without limitation, the Buyer and Freeep shall not file any pleading that would or might delay or interfere in any way with the Trustee's efforts to obtain entry of the Approval Order, or counsel, encourage, or assist any other person or entity to do so.

**3.**    **Performance**

   **3.1**    The Buyer shall pay to the Trustee an amount totaling $10,000.00 (the "Purchase Payment") for the Property. Contemporaneously with the Buyer's execution and delivery to the Trustee of this Agreement, the Buyer shall deliver to the Trustee a cashier's or bank check payable to "Peter J. Mastan, Trustee" in the amount of $10,000.00 representing immediately available funds that are not subject to the liens, claims, or interests of any third party. The Purchase Payment shall be delivered to the Trustee in care of Gumport | Mastan, 550 S. Hope Street, Suite 1765, Los Angeles, California 90071.

   **3.2**    Upon the later of (a) the entry of the Approval Order and any stay of that Approval Order having terminated, and (b) the receipt of the Purchase Payment by the Trustee and clearance of the banking process, the Property shall (without further action) be deemed to have been transferred by the Estate to the Buyer.

   **3.3**    The Buyer acknowledges that he is currently in possession, custody, and/or control of the Property, and that he (not the Estate) shall be responsible for all costs, if any, of maintaining, storing, and moving the Property.

3.

G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**

00018

3.4     Upon the later of (a) the entry of the Approval Order and any stay of that Approval Order having terminated, and (b) the receipt of the Purchase Payment by the Trustee and clearance of the banking process, the Buyer and Freeep, and each of them, shall be deemed to have released any and all claims that the Buyer, Freeep, or either of them, may have in and to (or against) the Estate or property of the Estate, whether known or unknown.  In furtherance of this intention, **the Buyer and Freeep, and each of them, expressly waive any rights or benefits conferred by the provisions of Section 1542 of the California Civil Code, which provides as follows:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3.5     Upon signing this Agreement, and as part of the consideration for the Trustee filing a motion for approval of this Agreement, the Buyer and Freeep, and each of them, shall without further action be deemed to have irrevocably waived any right to file a proof of claim in the Debtor's Case.

**4.     Overbid**

The Trustee's sale of the Property to the Buyer is subject to overbid.  While the Parties acknowledge that the Bankruptcy Court is free to accept, modify, or disregard the overbid procedure proposed by the Parties, the Parties agree to request that the following terms govern the overbid process:

(a)     any initial overbid for the purchase of the Estate's interest in the Property must be in an amount at least $1,000.00 greater than the amount to be paid by the Buyer under this Agreement (i.e., the initial overbid must be in an amount not less than $11,000.00);

(b)     in the event that the Trustee receives multiple overbids, any subsequent overbids must be made in the Bankruptcy Court at the time of the hearing on the Motion and must be made in minimum increments of $1,000.00;

4.

G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**

00019

(c)    any overbid must be accompanied by a certified or cashier's check in the full amount of that bid and the successful overbidder must pay to the Trustee by certified or cashier's check the full purchase price at the time of the hearing on the Motion;

(d)    any sale at overbid will be all cash, "AS IS" and "WHERE IS," with all faults and without any representation or warranty whatsoever, whether express or implied, including without limitation, without warranty as to merchantability, or fitness for a particular purpose, and subject to all encumbrances, liens, and restrictions thereon;

(e)    the Trustee may exercise his discretion to reject a particular overbid that is not both higher and better (based upon all of the circumstances) than the Buyer's offer or the offer of other overbidders.

5.    **Buyer's Acknowledgments**

The Buyer hereby acknowledges each of the following:

**(a)    The Trustee's sale of the Estate's interest in the Property pursuant to this Agreement is on an "AS IS" and "WHERE IS" basis, subject to all encumbrances, liens, and restrictions thereon, without recourse of any kind or nature, without any representation or warranty whatsoever, whether express or implied, including no representation or warranty as to functionality, merchantability, and fitness for a particular purpose.**

**(b)    The Buyer is familiar with the Property and the Buyer has had the opportunity to inspect and conduct his own due diligence with respect to the Estate's interest in the Property prior to entering into this Agreement.**

**(c)    The Buyer acknowledges that the Property does not include (i) any personal property not identified in this Agreement, or (ii) any cash or cash equivalents, including any amounts in the checking and savings accounts scheduled by the Debtor on Schedule A/B.**

**(d)    The Buyer has had the opportunity to consult with legal counsel of his choice concerning this Agreement, including the meaning of the terms thereof and agrees to be bound to those terms.**

6.    **Attorneys' Fees and Costs**

6.1    Each Party shall bear his/its own attorneys' fees, expenses and costs incurred in connection with the subjects of this Agreement and the preparation of this Agreement.

5.                    G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**



**6.2** Nothing in this Agreement shall be interpreted or construed to waive or release any right of the Trustee and/or his professionals to seek compensation and reimbursement from the Estate.

**7.** **Entire Agreement**

**7.1** This Agreement constitutes the entire understanding between the Parties with respect to its subject matter, including any and all obligations and commitments of the Seller, the Buyer, and Freeep. This Agreement supersedes and replaces in their entirety any and all prior negotiations or understandings, whether oral or written.

**7.2** This Agreement has no terms other than those expressly set forth herein. Each Party represents and warrants to the other Party that he/it is not signing this Agreement in reliance upon any term, representation, or warranty other than those expressly set forth in this Agreement.

**8.** **Successors and Assigns**

The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, agents, representatives, successors, and assigns.

**9.** **Governing Law; Jurisdiction; Choice of Forum**

**9.1** This Agreement shall be construed in accordance with and governed by the substantive laws of the State of California (without regard to California law concerning choice of law).

**9.2** Each Party consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court for the trial, entry of findings, and entry of final orders and judgments with respect to any dispute arising out of this Agreement. In the event that the Bankruptcy Court lacks or does not exercise jurisdiction over any such dispute, each Party to this Agreement consents to the personal jurisdiction and venue of the Superior Court of the State of California for the County of Los Angeles and, to the extent not inconsistent with applicable law, to the personal jurisdiction and venue of the United States District Court for the Central District of California, Los Angeles, for the trial, entry of findings and entry of final orders and judgments with respect to any dispute arising out of this Agreement.

G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**



00021

10.    **Waiver of Jury Trial**

TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH
PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES THE RIGHT TO
TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING ARISING OUT OF OR
RELATING TO THIS AGREEMENT OR THE PARTIES' RIGHTS AND
OBLIGATIONS WITH RESPECT THERETO.

11.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed an
original, but all of which together shall constitute one and the same instrument.

12.    **Authority to Sign**

Each person signing this Agreement on behalf of a Party represents and warrants to the
other Party that he has the requisite power and authority to execute and deliver this Agreement on
behalf of that Party, and that this Agreement, when so executed and delivered, will be a binding
obligation of and enforceable against such Party in accordance with its terms.  Notwithstanding
the foregoing, the Trustee's authority to sign this Agreement is subject to Bankruptcy Court
approval as set forth elsewhere in this Agreement.

13.    **Notice**

13.1    Any notice, service, or demand under this Agreement shall be given by either (a)
Federal Express or (b) hand delivery, and by no other means, as follows:

**To the Trustee:**  Peter J. Mastan, Trustee, c/o Gumport | Mastan,
550 South Hope Street, Suite 1765, Los Angeles, California 90071-2604.

**To the Buyer:** George Moringer, 1850 Industrial Street, Ste. 505, Los
Angeles, California 90021.

**To Freeep:** Freeep GmbH, c/o George Moringer, 1850 Industrial Street,
Ste. 505, Los Angeles, California 90021.

For purposes of notice given by Federal Express, notice shall be deemed effective upon
"delivery" by Federal Express.  Delivery for purposes of this paragraph shall mean Federal
Express' actual delivery of the notice to the address of the other Party, without the requirement of
any signature by the receiving Party.  Additionally, the refusal to accept a notice attempted to be
delivered by Federal Express at that Party's address set forth above shall be deemed to have been
delivered to that Party at the time of such attempted delivery.

7.          G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**



13.2    Any Party may change the person to whom and/or address to which notice to that Party shall be delivered by giving notice of such change in accordance with ¶ 13.1.  In all events, the Parties shall designate an address to which Federal Express will deliver packages in the ordinary course of its business.

14.    **Headings**

The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

Dated: ~~July~~ 8 hy, 2017

PETER J. MASTAN, TRUSTEE

By: _____
Peter J. Mastan
Chapter 7 Trustee of the Bankruptcy Estate of
George Loves, Inc.

Dated: July 31, 2017

GEORGE MORINGER

By: _____
George Moringer
An Individual

Dated: July 31, 2017

FREEEP GMBH

By: _____
George Moringer
President of Freeep GmbH

8.

G:\Clients\George Loves, Inc\SaleAgreement3.doc

**EXHIBIT 1**

| Fill in this information to identify the case | |
|---|---|
| Debtor name | **George Loves, Inc.** |
| United States Bankruptcy Court for the: | **CENTRAL DIST. OF CALIFORNIA** |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**
    ☐ No. Go to Part 2.
    ☑ Yes. Fill in the information below.

    **All cash or cash equivalents owned or controlled by the debtor**          Current value of debtor's interest

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| 3.1. **Checking account at Chase Bank** | Checking account | 2 9 3 1 | $280.00 |
| 3.2. **Savings account at Interactive Brokers** | Savings account | 9 0 8 6 | $21,000.00 |

4.  **Other cash equivalents**   *(Identify all)*

    Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.          $21,280.00

### Part 2:   Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**
    ☑ No. Go to Part 3.
    ☐ Yes. Fill in the information below.

**EXHIBIT 2**

00024

Case 2:17-bk-15588-NB    Doc 1    Filed 05/05/17    Entered 05/05/17 15:07:06    Desc
Main Document    Page 13 of 41

Debtor    **George Loves, Inc.** _____    Case number (if known) _____
Name

**Current value of debtor's interest**

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9. Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | $0.00 |

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less:    $0.00    –    $0.00    = .............. →    $0.00
            face amount        doubtful or uncollectible accounts

11b. Over 90 days old:    $0.00    –    $0.00    = .............. →    $0.00
            face amount        doubtful or uncollectible accounts

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| | $0.00 |

## Part 4: Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

**Valuation method used for current value**    **Current value of debtor's interest**

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:    % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

| | |
|---|---|
| | $0.00 |

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

00025

**EXHIBIT 2**

Debtor  **George Loves, Inc.** _____    Case number (if known) _____
        Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **Inventory consisting of raw materials, work in process and finished goods** | | $92,358.00 | Liquidation | $10,000.00 |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.                    $10,000.00

**24. Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.                    $0.00

**34. Is the debtor a member of an agricultural cooperative?**
☑ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
        ☐ No
        ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☑ No
☐ Yes

00026

**EXHIBIT 2**

Debtor    **George Loves, Inc.**                                            Case number (if known) _____
_____
Name

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| Office furniture and fixtures at corporate offices | $1,000.00 | Liquidation | $1,000.00 |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.                                                    $1,000.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.                                                    $0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☑ No
☐ Yes

Official Form 206A/B                    Schedule A/B: Assets — Real and Personal Property                    page 4

**EXHIBIT 2**

Debtor    **George Loves, Inc.** _____    Case number (if known) _____
       Name

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

   ☑ No.  Go to Part 10.
   ☐ Yes.  Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56. **Total of Part 9.**
   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.          $0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
   ☑ No
   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 10: Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☐ No.  Go to Part 11.
   ☑ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| **Computer hardware and software including website (www.georgeloves.com)** | $33,795.00 | Liquidation | $3,500.00 |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
   Add lines 60 through 65.  Copy the total to line 89.          $3,500.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
   ☑ No
   ☐ Yes

**EXHIBIT 2**

Debtor    **George Loves, Inc.**_____    Case number (if known) _____
        Name

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

                                                                         **Current value of debtor's interest**

**71. Notes receivable**

Description (include name of obligor)

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73. Interests in insurance policies or annuities**

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76. Trusts, equitable or future interests in property**

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78. Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.    | $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

00029

**EXHIBIT 2**

Debtor    **George Loves, Inc.**
       Name                                      Case number (if known) _____

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $21,280.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $10,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $1,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..............................................➔ | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $3,500.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $35,780.00 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.................................................................    $35,780.00

**EXHIBIT 2**

**Fill in this information to identify the case:**

Debtor name    **George Loves, Inc.**

United States Bankruptcy Court for the: **CENTRAL DIST. OF CALIFORNIA**

Case number
(if known)

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1.  **Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports<br>this claim |
| --- | --- |

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

_____ $0.00

Official Form 206D            Schedule D: Creditors Who Have Claims Secured by Property            page 1

**EXHIBIT 2**

00031

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | **George Loves, Inc.** |
| United States Bankruptcy Court for the: | **CENTRAL DIST. OF CALIFORNIA** |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

Total claim          Priority amount

00032

**EXHIBIT 2**

Debtor    **George Loves, Inc.**                                    Case number (if known) _____

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

**3.1**  Nonpriority creditor's name and mailing address        As of the petition filing date, the claim is:              **$6,413.14**
Check all that apply.
**Barbara Minnucci**                                          ☐ Contingent
**c/o Mass/Montes**                                           ☑ Unliquidated
**10100 Santa Monica Blvd. #300**                            ☑ Disputed

                                                             Basis for the claim:
**Los Angeles**             CA    90067                      **Labor claim by alleged former employee**

Date or dates debt was incurred    **8/24/2015-11/20/2015**  Is the claim subject to offset?

Last 4 digits of account number    **2   6   S   Y**         ☑ No
                                                             ☐ Yes

**3.2**  Nonpriority creditor's name and mailing address        As of the petition filing date, the claim is:              **$9,720.00**
Check all that apply.
**Denise Lauron**                                            ☐ Contingent
**c/o Mass/Monte**                                           ☐ Unliquidated
**1011 Santa Monica Blvd. #300**                             ☑ Disputed

                                                             Basis for the claim:
**Los Angeles**             CA    90067                      **Labor claim by alleged former employee**

Date or dates debt was incurred    **7/1/2014-8/31/2015**    Is the claim subject to offset?

Last 4 digits of account number    **2   8   S   Y**         ☑ No
                                                             ☐ Yes

**3.3**  Nonpriority creditor's name and mailing address        As of the petition filing date, the claim is:            **$1,383,540.00**
Check all that apply.
**George Moringer**                                          ☐ Contingent
**1850 Industrial St. #505**                                 ☐ Unliquidated
                                                             ☐ Disputed

                                                             Basis for the claim:
**Los Angeles**             CA    90021                      **Loans to company**

Date or dates debt was incurred    **2012-17**              Is the claim subject to offset?

Last 4 digits of account number    __  __  __  __            ☑ No
                                                             ☐ Yes

**3.4**  Nonpriority creditor's name and mailing address        As of the petition filing date, the claim is:              **$250,000.00**
Check all that apply.
**Jed Cohen**                                                ☐ Contingent
**2225 Chelan Dr.**                                          ☐ Unliquidated
                                                             ☐ Disputed

                                                             Basis for the claim:
**Los Angeles**             CA    90068                      **Promissory note holder**

Date or dates debt was incurred    _____             Is the claim subject to offset?

Last 4 digits of account number    __  __  __  __            ☑ No
                                                             ☐ Yes

**EXHIBIT 2**

Debtor **George Loves, Inc.** _____  Case number (if known) _____

## Part 2:    Additional Page

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.        Amount of claim

| 3.5 | Nonpriority creditor's name and mailing address | | $2,979.08 |

Jessica Abbott

c/o Mass/Montes

10100 Santa Monica Blvd. #300

_____

Los Angeles                    CA     90067

Date or dates debt was incurred     10/1/2013-10/31/2015

Last 4 digits of account number      2   9   S   Y

As of the petition filing date, the claim is:
Check all that apply.
- [ ] Contingent
- [x] Unliquidated
- [x] Disputed

Basis for the claim:
Labor claim of alleged former employee

Is the claim subject to offset?
- [x] No
- [ ] Yes

| 3.6 | Nonpriority creditor's name and mailing address | | $150,000.00 |

Maria Wilhelm

7779 Willow Glen Rd.

_____

_____

Los Angeles                    CA     90046

Date or dates debt was incurred     _____

Last 4 digits of account number    __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim:
Promissory note holder

Is the claim subject to offset?
- [x] No
- [ ] Yes

| 3.7 | Nonpriority creditor's name and mailing address | | $9,304.50 |

Marisa Nennemann

c/o Robert Montes

Mass/Montes

10100 Santa Monica Blvd. #300

Los Angeles                    CA     90067

Date or dates debt was incurred     10/1/14-11/30/15

Last 4 digits of account number      2   7   S   Y

As of the petition filing date, the claim is:
Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [x] Disputed

Basis for the claim:
Labor claim by alleged former employee

Is the claim subject to offset?
- [x] No
- [ ] Yes

**EXHIBIT 2**

Debtor    **George Loves, Inc.** _____    Case number (if known) _____

| Part 3: | List Others to Be Notified About Unsecured Claims |

4.  **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| **4.1** **Labor Commissioner, State of California** <br> **320 W. 4th St., Suite 450** <br><br> **Los Angeles        CA      90013** | Line **3.7** <br> ☐ Not listed. Explain: | 2   7   S   Y |
| **4.2** **Labor Commissioner, State of California** <br> **320 W. 4th St., Suite 450** <br><br> **Los Angeles        CA      90013** | Line **3.5** <br> ☐ Not listed. Explain: | 2   7   S   Y |
| **4.3** **Labor Commissioner, State of California** <br> **320 W. 4th St., Suite 450** <br><br> **Los Angeles        CA      90013** | Line **3.2** <br> ☐ Not listed. Explain: | 2   7   S   Y |
| **4.4** **Labor Commissioner, State of California** <br> **320 W. 4th St., Suite 450** <br><br> **Los Angeles        CA      90013** | Line **3.1** <br> ☐ Not listed. Explain: | 2   7   S   Y |

**EXHIBIT 2**

Debtor    **George Loves, Inc.** _____    Case number (if known) _____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. _____ **$0.00** |
| 5b. | **Total claims from Part 2** | 5b. + _____ **$1,811,956.72** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. **$1,811,956.72** |

**EXHIBIT 2**

**1 OF 1 RECORD(S)**

## UCC Filings

## 1:DELAWARE UCC Record

**Debtor Information**

| | |
|---|---|
| **Name:** | GEORGE LOVES INC. |
| **Standardized Address:** | 309 E 8TH ST STE 203<br>LOS ANGELES, CA 90014 |
| **Original Address:** | 309 E. 8TH ST., STE 203<br>LOS ANGELES, CA 90014-2254 |

**Secured Party Information**

| | |
|---|---|
| **Name:** | MBMJ CAPITAL LLC |
| **Standardized Address:** | 15503 VENTURA BLVD STE 310<br>ENCINO, CA 91436 |
| **Original Address:** | 15503 VENTURA BLVD., SUITE 310<br>ENCINO, CA 91436-3114 |

**Filing Information**

| | |
|---|---|
| **Original Filing Number:** | 2017 0668175 |
| **Original Filing Date:** | 01/30/2017 |
| **Filing Agency:** | SECRETARY OF STATE/UCC DIVISION |
| **Filing Agency Address:** | FEDERAL & DUKE OF YORK STS<br>DOVER, DE 19901 |

| | |
|---|---|
| **Filing Type:** | INITIAL FILING |
| **Filing Number:** | 2017 0668175 |
| **Filing Date:** | 01/30/2017 |
| **Filing Time:** | 18:02 |
| **Vendor Entry Date:** | 03/23/2017 |
| **Vendor Update Date:** | 2017 |

**Collateral**

| | |
|---|---|
| **Collateral Description:** | 01/30/2017 2017 0668175 - ASSETS |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: Legal Compliance

**EXHIBIT 3**

00037

Copyright © 2017 LexisNexis, a division of Reed Elsevier Inc. All Rights Reserved.

**EXHIBIT 3**

**1 OF 1 RECORD(S)**

# UCC Filings

# 1:DELAWARE UCC Record

### Debtor Information

| | |
|---|---|
| **Name:** | GEORGE LOVES INC. |
| **Standardized Address:** | 75 ROCKEFELLER PLZ STE 2000<br>NEW YORK, NY 10019 |
| **Original Address:** | 75 ROCKEFELLER PLAZA, SUITE 2000<br>NEW YORK, NY 10019-6908 |

### Secured Party Information

| | |
|---|---|
| **Name:** | CAPITAL BUSINESS CREDIT (CALIFORNIA) LLC |
| **Standardized Address:** | 700 S FLOWER ST STE 2001<br>LOS ANGELES, CA 90017 |
| **Original Address:** | 700 SOUTH FLOWER STREET, SUITE 2001<br>LOS ANGELES, CA 90017-4208 |

### Filing Information

| | |
|---|---|
| **Original Filing Number:** | 2014 3239134 |
| **Original Filing Date:** | 08/12/2014 |
| **Filing Agency:** | SECRETARY OF STATE/UCC DIVISION |
| **Filing Agency Address:** | FEDERAL & DUKE OF YORK STS<br>DOVER, DE 19901 |

| | |
|---|---|
| **Filing Type:** | INITIAL FILING |
| **Filing Number:** | 2014 3239134 |
| **Filing Date:** | 08/12/2014 |
| **Filing Time:** | 19:59 |
| **Vendor Entry Date:** | 10/04/2014 |
| **Vendor Update Date:** | 2017 |

| | |
|---|---|
| **Filing Type:** | AMENDMENT |
| **Filing Number:** | 20170940186 |
| **Filing Date:** | 02/10/2017 |
| **Filing Time:** | 13:49 |
| **Vendor Entry Date:** | 03/25/2017 |
| **Vendor Update Date:** | 2017 |

### Collateral

| | |
|---|---|
| **Collateral Description:** | 08/12/2014 2014 3239134 - ACCOUNT(S) INCLUDING PROCEEDS AND PRODUCTS;INVENTORY INCLUDING PROCEEDS AND PRODUCTS;CONTRACT RIGHTS INCLUDING PROCEEDS AND PRODUCTS;GENERAL INTANGIBLE(S) INCLUDING PROCEEDS AND PRODUCTS;FIXTURES INCLUDING PROCEEDS AND |

**EXHIBIT 3**

PRODUCTS;EQUIPMENT INCLUDING PROCEEDS AND PRODUCTS

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: Legal Compliance

Copyright © 2017 LexisNexis, a division of Reed Elsevier Inc. All Rights Reserved.

**EXHIBIT 3**

**PARASEC**
Global Document Filing & Retrieval

**R E S U L T   R E P O R T**

**Date:** 8/2/2017

GUMPORT MASTAN
Attn: Claire Wu Esq
550 SOUTH HOPE ST #825
LOS ANGELES, CA 90071-2627

**Client #:** Z11182

**Order #:** 1088565

**Email:** cwu@gumportlaw.com

**Ref:** In re George Loves, Inc. -
Document Retrieval

The results of your request are as follows:

**2014 3239134**

> Obtain Copy(s)
>
> USA, DE
>
> 08/02/2017 - Requested copy/ies enclosed.

**2017 0668175**

> Obtain Copy(s)
>
> USA, DE
>
> 08/02/2017 - Requested copy/ies enclosed.

**20170940186**

> Obtain Copy(s)
>
> USA, DE
>
> 08/02/2017 - Requested copy/ies enclosed.

*Parasec and/or its agents accept no responsibility for errors or omissions contained in any report provided by Parasec. Should a claim be asserted against Parasec for errors or omissions, the sole extent of Parasec's liability shall be limited to an amount equal to the cost Parasec charged for the report. Parasec shall not be liable for consequential damages arising out of the use of the report by any customer or third party.*

*Parasec does not warrant the accuracy of the contents of the report. Parasec relies on records maintained by third parties and/or governmental agencies and is not responsible for the content of those records.*

Thank you for allowing us to service your needs.

Katherine Anglin
Account Executive - Delaware
kanglin@parasec.com
888-372-7273 Phone, 888-272-5439 Fax

| Global Document | Sacramento | Nevada | Los Angeles | Delaware |
|---|---|---|---|---|
| Filing & Retrieval | 2804 Gateway Oaks Dr. | 318 North Carson Street | 12631 East Imperial Highway | 2140 S Dupont Highway |
| P.O. Box 160568 | Suite 200 | Suite 208 | Suite 212 B | Camden, DE 19934 |
| Sacramento, CA  95816-0568 | Sacramento, CA  95833-3509 | Carson City, NV 89701 | Los Angeles, CA 90670 | 888.372.7273 Tel |
| parasec@parasec.com E-mail | 800.533.7272 Tel | 888.972.7273 Tel | 888.672.7273 Tel | 888.272.5439 Fax |
| http://www.parasec.com | 800.603.5868 Fax | 888.886.7168 Fax | 888.554.7273 Fax | |

**EXHIBIT 3**

00041

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC 800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
FILINGDEPT@CSCINFO.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

801 ADLAI STEVENSON DR [126832697]
SPRINGFIELD, IL 62703
US

Delaware Department of State
U.C.C. Filing Section
Filed: 06:02 PM 01/30/2017
U.C.C. Initial Filing No: 2017 0668175

Service Request No:  20170534286

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME**: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| GEORGE LOVES INC. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 309 E. 8TH ST., STE 203 | LOS ANGELES | CA | 90014 | US |

2. **DEBTOR'S NAME**: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MBMJ CAPITAL LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 15503 VENTURA BLVD., SUITE 310 | ENCINO | CA | 91436 | US |

4. **COLLATERAL**: This financing statement covers the following collateral:
All Assets. Pursuant to an agreement, the Debtor has agreed not to further encumber the collateral.
The Secured Party reserves each and all of its rights against any person who violates the Secured
Party's rights in and to the collateral.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**

International Association of Commercial Administrators

**EXHIBIT 3**

00042

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Gisella Melendez                                         8008335778

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

UCC DIRECT SERVICES

2727 ALLEN PARKWAY

SUITE 1000

HOUSTON TX 77019

*DELAWARE DEPARTMENT OF STATE*
*U.C.C. FILING SECTION*
*FILED 07:59 PM 08/12/2014*
*INITIAL FILING # 2014 3239134*

*SRV: 141064526*

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| GEORGE LOVES INC. |||||||

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 75 ROCKEFELLER PLAZA, SUITE 2000 | NEW YORK | NY | 10111 | US |

| | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | CORPORATION | DE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| |||||||

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| CAPITAL BUSINESS CREDIT (CALIFORNIA) LLC |||||||

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 700 SOUTH FLOWER STREET, SUITE 2 001 | LOS ANGELES | CA | 90017 | |

4.  This FINANCING STATEMENT covers the following collateral:

All of Debtor's present and future inventory, accounts, contract rights, and
general intangibles (including all tax refunds, proceeds of insurance, patents,
trademarks, and copyrights registered in the United States Copyright or
Patent offices, trade secrets, customer lists and all other licenses, rights,
privileges and franchises, together with the goodwill of the business in
connection with which such trademark may be used and the royalties and other
fees which become due for the use of such patents, trademarks, or
copyrights), all leasehold improvements, furniture, fixtures, and equipment,
along with all increases, substitutions, replacements, additions, accessions of
Debtor relating thereto, wherever situated, whether or not otherwise
specifically assigned to you in this Agreement, now existing or hereafter
acquired, and in the proceeds and products thereof, any security and guarantees
therefor, in the goods and property represented thereby, in all of our books
and records relating to the forgoing, and in all reserves, credit balances,
sums of money at any time to Debtor's credit with Secured Party, and any of
Debtor's property at any time in Secured Party's possession.

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|
| | | | | | |

8. OPTIONAL FILER REFERENCE DATA

DE-0-44467034-48904325

**EXHIBIT 3**

0004**3**

# UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
GISELLA MELENDEZ 800-331-3282

B. E-MAIL CONTACT AT FILER (optional)
EFILING@WOLTERSKLUWER.COM

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

P.O. BOX 29071

GLENDALE, CA 91209-9071

US

Delaware Department of State
U.C.C. Filing Section
Filed: 01:49 PM 02/10/2017
U.C.C. Initial Filing No: 2014 3239134
Amendment No: 20170940186
Service Request No:  20170809927

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed (for record) |
|---|---|
| 20143239134 | (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial):  Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:**  Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                 **AND** Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record       ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:**  Complete for Party Information Change - provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☑ COLLATERAL CHANGE: Also check one of these four boxes:   ☐ ADD collateral   ☑ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral

Indicate collateral
**All property described on the above-referenced financing statement (collectively the "Collateral") except any accounts receivable factored on or before February 10, 2017 and any other Collateral arising from or related to such accounts receivable, including, without limitation, proceeds.**

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | CAPITAL BUSINESS CREDIT (CALIFORNIA) LLC | | | |
| OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
DR-0-57588507-52815445

International Association of Commercial Administrators

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

00044

**EXHIBIT 3**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  Gumport | Mastan, 550 S. Hope Street, Suite 1765, Los Angeles, CA  90071

A true and correct copy of the foregoing document described as: **NOTICE OF MOTION AND MOTION TO APPROVE PURCHASE AND SALE AGREEMENT FOR THE ESTATE'S INTEREST IN CERTAIN SCHEDULED PERSONAL PROPERTY, INCLUDING INTELLECTUAL PROPERTY RIGHTS AND EXISTING INVENTORY, TO INSIDER GEORGE MORINGER, SUBJECT TO ALL ENCUMBRANCES, LIENS, AND RESTRICTIONS, AND SUBJECT TO OVERBID; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CLAIRE K. WU AND PETER J. MASTAN; AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(S) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **August 22, 2017** that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

David S Hagen    go4broq@earthlink.net
Peter J Mastan (TR)    pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Claire K Wu    cwu@gumportlaw.com

_____ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **August 22, 2017** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here  constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**BY FEDERAL EXPRESS**                            **BY U.S. MAIL**

**UNITED STATES BANKRUPTCY COURT**        **DEBTOR**
Hon. Neil W. Bason                                George Loves, Inc.
United States Bankruptcy Court                    309 E. 8th St. Suite 203
Central District of California                    Los Angeles, CA 90014-2254
Edward R. Roybal Fed. Bldg. & Courthouse
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

**X**   Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows:.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

_____ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **August 22, 2017** | **KATHLEEN MAROSY** | |
| **Date** | **Name** | **Signature** |

**ADDITIONAL INFORMATION (if needed):**

**BY U.S. MAIL**


**PROPOSED BUYER**
George Moringer
1850 Industrial Street, Ste. 505
Los Angeles, California 90021

**FREEEP GMBH**
Freeep GmbH
c/o George Moringer
1850 Industrial Street, Ste. 505
Los Angeles, California 90021

**POTENTIAL LIENHOLDER**
MBMJ Capital LLC
15503 Ventura Blvd., Ste. 310
Encino, California 91436

**POTENTIAL LIENHOLDER**
Capital Business Credit (California) LLC
700 S. Flower St., Ste. 2 001
Los Angeles, California 90017